FUGIT and Another *v.* SHREWSBURY and Others.

DEMURRER.—The defendant cannot complain of the error of the court in sustaining a demurrer to one paragraph of his answer, if all the evidence admissible under that paragraph, was also admissible under another paragraph pleaded.

APPEAL from the *Jefferson* Circuit Court.

FRAZER, J.—The appellants, *Fugit* and *Conway,* and one *Charles L. Shrewsbury,* were sued upon a promissory note alleged to have been executed by them as partners, by the style of "*Shrewsbury, Fugit & Co.*" The defendant *Shrewsbury* was defaulted. *Fugit* and *Conway* answered in six paragraphs. Issues were formed on the third and fourth

paragraphs of the answer, which were found for the plaintiffs, and a judgment was rendered on the verdict.

Demurrers were sustained to the first, second, fifth and sixth paragraphs of the answer, and each of these rulings is assigned for error.

The first and second paragraphs were sworn to, and are treated by the appellants as being denials of the execution of the note by them. They contain an extraordinary amount of surplusage, and irrelevant matter, and it would be a profitless extending of this opinion to recite them fully. They are, in legal effect, exactly the same—the substance of each being that the note was, in fact, made by their co-defendant to the plaintiffs, whose guardian he was, without any consideration moving to the co-partnership. It does not appear, from either of these paragraphs, that their co-partner, in executing the note, exceeded his authority in the use of the name of the firm—the consideration or purpose of the note not being alleged. It does not, as is assumed in the argument, appear by averment that it was for a loan of the money of the plaintiffs, which the guardian and co-partner applied to his own private use. We construe the paragraphs as simply averring a want of consideration for the note. They were each good, therefore; but inasmuch as the third paragraph, upon which an issue was formed, presented the same defense, the error in sustaining the demurrers to the first and second was harmless. Any two of the three paragraphs might have been properly stricken out on motion.

The fifth paragraph averred payment by the co-defendant, *Shrewsbury,* to the plaintiffs' guardian. Inasmuch as the fourth, upon which an issue was formed, set up payment generally to the plaintiffs by their said co-defendant, there could, for the reason already stated as to the first and second, be no available error in sustaining the demurrer to the fifth paragraph. Payment to the plaintiffs' guardian was payment to the plaintiffs. In law, the guardian was for that purpose their agent and representative.

The counsel for the appellants do not, in their argument, ask us to consider the sufficiency of the sixth paragraph. We need not, therefore, discuss it, further than to say that we think it bad.

On the trial, evidence was offered by the appellants, and excluded by the court, tending to show that their co-partner had drawn from the firm, and applied to the use of his wards, money and property equal to the amount of the note; also, that at the dissolution of the co-partnership he retained, and still retains, assets of the firm greater in amount than the note.

We think that this evidence was properly rejected, in view of the issues being tried. Payment and want of consideration were the defenses to be proved. The evidence offered could not possibly tend to prove the latter. It could only be made pertinent to the question of payment, if at all, by other evidence not in the case, as appears by the bill of exceptions containing all the evidence, nor was such other evidence proposed to be offered.

The judgment is affirmed, with costs.

*Walker* and *Matthews*, for appellants.

*H. W. Harrington* and *C. A. Korbly*, for appellees.